**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**LEE EDWARD WILLIAMS,**

                 **Petitioner,**

      v.                                                  **CASE NO. 21-3148-SAC**

**SAM CLINE,**

                 **Respondent.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner proceeds pro se and the Court grants Petitioner's motion to proceed in forma pauperis (Doc. 2). Also before the Court is Petitioner's motion to stay and hold in abeyance (Doc. 3). For the reasons set forth below, the Court will defer ruling on the motion to stay and direct Petitioner to provide additional information regarding his state-court proceedings.

**Background**

Petitioner was convicted of first-degree premeditated murder and criminal possession of a firearm and sentenced to life in prison without the possibility of parole for 25 years and a consecutive 20-month prison sentence. *State v. Williams*, 308 Kan. 1320, 1322 (2018). Petitioner pursued a timely direct appeal, and on October 26, 2018, the Kansas Supreme Court (KSC) affirmed his convictions and sentences.[1] *Id.* at 1320-21.

---
[1] Petitioner asserts that he filed a petition for certiorari in the United States Supreme Court, which was denied. (See Doc. 1, p. 3.) But he has not provided a related docket or case number and such a petition is not reflected

Petitioner asserts that on October 23, 2019, he filed in state district court a motion pursuant to K.S.A. 60-1507 that is still pending in the state district court. (Doc. 1, p. 3.) Petitioner filed his federal habeas petition on June 21, 2021. (Doc. 1.)

**Analysis**

A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020). To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the KSC, either by way of direct appeal or by state post-conviction motion, or "[i]n all appeals from criminal convictions or post-conviction relief on or after July 1, 2018," he must have presented a claim to the Kansas Court of Appeals (KCOA) and the KCOA must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a).

In his accompanying motion to stay or hold in abeyance, Petitioner candidly acknowledges that his is a mixed petition because it contains both exhausted and unexhausted claims. (Doc. 3, p. 1.)

---

by the online records accessible to the Court.

> "A district court confronted with a mixed petition may either '(1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits.' The court may also permit the petitioner to delete the unexhausted claim from his petition and proceed only on the exhausted claims, or, if the equities favor such an approach, it may stay the federal habeas petition and hold it in abeyance while the petitioner returns to state court to exhaust the previously unexhausted claims." *Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016).

Petitioner asserts that the unexhausted claims in his federal habeas petition are currently before the state courts as part of his pending 60-1507 proceedings. He argues that when the 60-1507 proceedings are final, he will not have enough time to prepare and submit a federal habeas petition before the limitations period in which he may timely do so expires. (Doc. 3, p. 2.) Thus, he asks the Court to stay the instant petition and hold it in abeyance until the conclusion of the 60-1507 proceedings. *Id.* at 3.

A federal district court may stay habeas proceedings to permit exhaustion of state court remedies on a claim if (1) good cause exists for the failure to exhaust the claim prior to filing the federal habeas petition; (2) the unexhausted claim is not "plainly meritless"; and (3) the petitioner did not intentionally delay the proceedings. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Petitioner argues that he satisfies all three of these requirements. (Doc. 3, p. 2-4.) Petitioner's request for a stay, however, depends on his assertion that his 60-1507 proceedings are ongoing.

Petitioner asserts that on October 23, 2019, he filed in state district court a motion pursuant to K.S.A. 60-1507 that is still

pending in the state district court. (Doc. 1, p. 3.) But the Wyandotte County District Court clerk's office informed this Court that a notice of appeal was filed in the 60-1507 proceedings in March 2021. The online records of the Kansas Appellate Courts do not reflect, however, that any appeal has been docketed related to Petitioner's 60-1507 proceeding.[2] Thus, it appears that Petitioner has filed a notice of appeal from the district court's denial of his 60-1507 motion but he has not timely docketed that appeal with the KCOA. See Kansas Supreme Court Rule 2.04 (timing and requirements for docketing an appeal in the KCOA). To fully exhaust the claims in his 60-1507 motion, Petitioner must pursue an appeal to the KCOA.

Because the procedural posture of the 60-1507 proceedings remains unclear, the Court will decline to rule at this time on Petitioner's motion to stay and hold in abeyance. Rather, the Court directs Petitioner to advise the Court, in writing, of the status of his 60-1507 proceedings. If an appeal has been docketed, Petitioner shall provide the Court with the appellate case number of that case. If an appeal has not been docketed, Petitioner shall advise the Court whether Petitioner intends to attempt to docket such an appeal[3] and continue pursuing 60-1507 relief. A failure to comply with this show-cause order may result in the mixed petition being dismissed without prejudice for failure to exhaust all claims.

**IT IS THEREFORE ORDERD THAT** Petitioner's motion to proceed in forma pauperis, (Doc. 2), is **granted**.

**IT IS FURTHER ORDERED THAT** Petitioner is granted thirty (30)

---

[2] https://pittsreporting.kscourts.org/Appellate
[3] See Kansas Supreme Court Rule 2.04(a)(4) ("Motion to Docket Out of Time").

days from the date of this order to advise the Court, in writing, of the status of his appellate docketing statement.

**IT IS SO ORDERED.**

DATED:  This 22nd day of June, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge