**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**LEE EDWARD WILLIAMS,**

                    **Petitioner,**

      v.                                         **CASE NO. 21-3148-SAC**

**SAM CLINE,**

                    **Respondent.**

**ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On June 22, 2021, the Court issued a memorandum and order to show cause (MOSC) directing Petitioner to provide additional information clarifying the pending state-court habeas proceedings. Petitioner failed to do so. Accordingly, the Court will dismiss the matter without prejudice.

**Background**

Petitioner was convicted in Kansas state court of first-degree premeditated murder and criminal possession of a firearm. *State v. Williams*, 308 Kan. 1320, 1322 (2018). The Kansas Supreme Court (KSC) affirmed his convictions and sentences in 2018. *Id.* at 1320-21. On October 23, 2019, he filed in state district court a motion pursuant to K.S.A. 60-1507. (Doc. 1, p. 3.) Petitioner filed this federal habeas petition on June 21, 2021. (Doc. 1.)

Generally, a state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief. See 28 U.S.C. § 2254(b)(1). To his credit, Petitioner candidly acknowledged that his is a mixed petition containing both exhausted and unexhausted

claims. (Doc. 3, p. 1.) He asserted that the unexhausted claims are included in ongoing state-court proceedings under K.S.A. 60-1507. A federal district court faced with a mixed petition has several options, including dismissing the entire petition without prejudice to permit exhaustion or staying the petition and holding it in abeyance while the petitioner exhausts state-court remedies. *See Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016). This petition is subject to the one-year limitation period established by the Anti-Terrorism and Effective Death Penalty Act (AEDPA) in 28 U.S.C. § 2244(d), and Petitioner asked the Court to stay his petition and hold it in abeyance because by the time the 60-1507 proceedings are final, he will not have enough time to prepare and submit a federal habeas petition before the limitations period expires. (Doc. 3, p. 2.)

On June 22, 2021, the Court issued the MOSC detailing Petitioner's assertions about the status of his 60-1507 proceedings and noting the discrepancies between those assertions and information the Court obtained from the Wyandotte County District Court clerk's office and the online records of the Kansas Appellate Courts. (Doc. 4, p. 3-4.) Because the procedural posture of the 60-1507 proceedings was unclear, the Court declined to rule on Petitioner's motion to stay and hold in abeyance and, instead,

> "direct[ed] Petitioner to advise the Court, in writing, of the status of his 60-1507 proceedings. If an appeal has been docketed, Petitioner shall provide the Court with the appellate case number of that case. If an appeal has not been docketed, Petitioner shall advise the Court whether Petitioner intends to attempt to docket such an appeal and continue pursuing 60-1507 relief. A failure to comply with this show-cause order

may result in the mixed petition being dismissed without prejudice for failure to exhaust all claims." *Id.* at 4 (footnote omitted).

On June 29, 2021, Petitioner filed several documents in this case: (1) a Motion to Docket Appeal Out of Time captioned "In The Supreme Court for the District of Kansas"; (2) a Docketing Statement captioned "In The Court of Kansas Supreme Court"; (3) A "Motion To Make A Record on Appeal" captioned "In The Supreme Court for the District of Kansas"; (4) a notice of appeal that appears to be file-stamped March 31, 2021 by the Wyandotte County District Court; (5) a sentencing journal entry of judgment in Wyandotte County District Court, file-stamped July 18, 2016; (6) a Wyandotte County District Court ROA report for case number 2019-CV-000746; and (7) a "Statement No Transcripts Will be requested" captioned "In The Supreme Court for the District of Kansas." (Doc. 5.) Petitioner did not, however, file a written response to the MOSC advising the Court of status of his state-court proceedings, as the MOSC directed.

Moreover, the documents Petitioner has provided do not clarify the status of his state-court proceedings. The ROA report reflects that the state district court has not entered a final ruling on Petitioner's 60-1507 proceedings, but Petitioner nevertheless filed a notice of appeal. (Doc. 5, p. 13.) Additionally, although Petitioner has submitted documents that appear to indicate he is pursuing a state-court appeal, those documents are not file-stamped and do not identify an appellate case number. Accessible online records do not show that any of the documents have been filed with the Kansas appellate courts.

Because Petitioner failed to comply with the MOSC, the Court will dismiss the action without prejudice to refiling after

Petitioner has exhausted his state-court remedies. The Court also concludes that its procedural ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED THAT** Petitioner's motion to stay and hold in abeyance, (Doc. 3), is **denied.**

**IT IS FURTHER ORDERED THAT** the matter is dismissed without prejudice to refiling after exhaustion of state-court remedies. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 28th day of July, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge